IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

| | |
|---|---|
| SAINTNALS E.S. APPLETON,<br><br>    PLAINTIFF,<br><br>VS.<br><br>SAINTNALS, LLC, ET AL.,<br><br>    DEFENDANTS. | CASE NO. 1:25-CV-0032 |

**[PROPOSED] ORDER ON MOTION TO DISMISS**

 This matter is before the Court on the motion of Saintnals, LLC ("Saintnals") to dismiss the case in its entirety. Saintnals moves to dismiss on two independent grounds. First, it asserts that the complaint makes clear on its face that the action is barred by the statute of limitations applicable in Title VII cases. Second, Saintnals relies upon a contractual agreement signed by Plaintiff under which she agreed to arbitrate all disputes relating to her employment, including disputes with Saintnal's contractors and employees of either Saintnals or its contractors, including all defendants named in the complaint. Having reviewed the submissions of the parties, the Court agrees that the matter is time-barred and that it is subject to arbitration. Because Plaintiff's claims are time-barred, the Court will dismiss the matter, with prejudice. If the claims were not time-barred, the Court would order the case dismissed so that Plaintiff could pursue them in the forum she agreed to use for resolution of

employment disputes—arbitration.

## PLAINTIFF'S CLAIMS ARE TIME-BARRED

Plaintiff alleges that she was employed by Saintnals from July 1, 2024 until January 31, 2024. She filed a discrimination and retaliation complaint against Saintnals with the EEOC on January 25, 2024. On May 14, 2025, the EEOC issued a right-to-sue letter. The right-to-sue letter informed Plaintiff that she had 90 days from the date of receipt of the letter to file suit. Plaintiff admits in her complaint that she received the letter on May 14, 2025. She filed this lawsuit on August 14, 2025—92 days after receiving the right-to-sue letter.

Based upon the allegations of the complaint, it is clear that Plaintiff did not file the complaint within the 90 days. The 90-day limitation period cannot be extended "by even one day" in the absence of "recognized equitable consideration[s]." *Mosel v. Hills Dep't Store, Inc.*, 789 F.2d 251, 253 (3d Cir. 1986). There is no evidence of any recognized equitable consideration that would allow the limitation period to be extended. Accordingly, the complaint is untimely and the Court has no option but to dismiss the lawsuit.

## PLAINTIFF'S CLAIMS ARE SUBJECT TO ARBITRATION

Even if Plaintiff's claims were not time-barred, this Court would nevertheless dismiss the lawsuit because Plaintiff signed a binding arbitration agreement that covers all employment disputes (and specifically the Title VII and Age Discrimination in Employment Act claims alleged in the complaint). The arbitration agreement benefits all fo the defendants in this case: Saintnals, all employees of Saintnals,

Saintnal's human resources contractor, Humani HR, and all of Humani HR's employees. Because Plaintiff signed a binding arbitration agreement that encompasses all claims and all defendants in this litigation, all of those claims are subject to arbitration and there would be nothing left to litigate once the Court ordered the case into arbitration. Accordingly, the proper remedy, in the absence of a motion to stay the case pending arbitration, is to dismiss it. Thus, if the Court were not inclined to dismiss the case as time-barred, it would nevertheless dismiss the case based upon the arbitration clause.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that this case is dismissed. The clerk shall close this case.

So Ordered.

_____
U.S. District Judge