IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

| | |
|---|---|
| SAINTNALS E.S. APPLETON,<br><br>                  PLAINTIFF,<br><br>VS.<br><br>SAINTNALS, LLC, ET AL.,<br><br>                  DEFENDANTS. | CASE NO. 1:25-CV-0032 |

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Saintnals, LLC, moves to dismiss this case because (1) it is barred by the statute of limitations applicable in Title VII cases and (2) plaintiff agreed to arbitrate all disputes relating to her employment, including disputes with Saintnal's contractors and employees of either Saintnals or its contractors. Defendant Humani HR was a contractor of Saintnals and all individual defendants were either employees of Saintnals or Humani HR.

FACTS

Plaintiff was employed by Saintnals from July 1, 2022, until her termination on January 31, 2024. Complaint, Doc. No. 1 at 2 (Section III.A). Prior to commencing employment, Plaintiff signed a "Transition Employee Application" that included a comprehensive arbitration agreement. Plaintiff agreed to arbitrate "any dispute or claim I have relating to aspect of my employment with Saintnals." Exhibit A at 1. The

1

agreement specifically encompasses claims under Title VII and the Age Discrimination in Employment Act, and specifies that it survives termination of employment. *Id.* at 2. Further, it applies to contractors of Saintnals as well as employees of both Saintnals or contractors. *Id.* at 1.

## EEOC PROCEEDINGS

Plaintiff filed an EEOC Charge of Discrimination based on color, sex, age, and retaliation on January 25, 2024. Exhibit B, EEOC Charge of Discrimination.[1] After being terminated, Plaintiff filed an second Charge of Discrimination, alleging that she was terminated in retaliation for filing the first Charge of Discrimination.

The EEOC issued a right-to-sue letter on May 14, 2025. *See* Doc. No. 1-1, Right-to-Sue Letter. The right-to-sue letter informed Plaintiff that she had 90 days from the date of receipt of the letter to file a lawsuit if she wanted to pursue her claims. Plaintiff admits that she received the right-to-sue letter on May 14, 2025. Complaint, Doc. No. 1, at 5 (Section IV.B). Accordingly, the last day to file a lawsuit was Tuesday, August 12, 2025. Plaintiff filed this lawsuit on Thursday, August 14, 2025—two days after the statutory deadline expired.

---

[1] The date of filing is not relevant to this motion and is provided for background purposes only. Accordingly, it is not a material fact and the reference to Exhibit B to establish that date does not preclude this matter from being decided on a motion to dismiss.

**ARGUMENT**

**A. PLAINTIFF'S LAWSUIT SHOULD BE DISMISSED BECAUSE IT IS UNTIMELY**

**1. THE 90-DAY FILING REQUIREMENT**

Title VII requires that a civil action be commenced "within ninety days after the giving of such notice" of the right to sue. 42 U.S.C. § 2000e-5(f)(1). (A right-to-sue letter is not a requirement in an Age Discrimination in Employment claim. Nevertheless, the employee is subject to an identical requirement of filing suit within 90 days of the termination of the EEOC's investigation. 29 U.S.C. § 626(e).)

The 90-day limitation period is "strictly construed." *Burgh v. Borough Council of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001); *accord Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). Although the Third Circuit has stated that the 90-day time period "is not a jurisdictional predicate," the limitation period cannot be extended "by even one day" in the absence of "recognized equitable consideration[s]." *Mosel v. Hills Dep't Store, Inc.*, 789 F.2d 251, 253 (3d Cir. 1986). *See also Hayes v. New Jersey Dep't of Hum. Servs.*, 108 F.4th 219, 221 (3d Cir. 2024) (summarizing its jurisprudence on this issue).

**2. PLAINTIFF'S LAWSUIT WAS FILED AFTER THE STATUTORY DEADLINE**

The allegations of Plaintiff's complaint establish that her lawsuit is untimely:

1. The EEOC issued the right-to-sue letter on May 14, 2025.
2. Ninety days from May 14, 2025 was August 12, 2025.
3. Plaintiff filed suit on August 14, 2025—two days late.

Because Plaintiff failed to file within the statutorily mandated 90-day period, the

claims are time-barred. Further, because the allegations of the complaint, including exhibits attached to the complaint, establish the statute of limitations has passed, the case is subject to dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (summarizing Third Circuit jurisprudence on the issue); *accord Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir.1989).

   3. **THERE ARE NO EQUITABLE CONSIDERATIONS THAT JUSTIFY AN EXTENSION OF THE 90-DAY DEADLINE.**

In the absence of a recognized equitable consideration, the court cannot extend the 90-day period following receipt of a right to sue letter "by even one day." *Mosel v. Hills Dep't Store, Inc.*, 789 F.2d 251, 253 (3d Cir. 1986). "[A] claim filed even one day beyond [the] ninety[-]day window is untimely and may be dismissed absent an equitable reason for disregarding this statutory requirement." *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 176 (3d Cir. 1999). Here, there are no equitable considerations that justify extending the 90-day deadline. Accordingly, dismissal under Rule 12(b)(6) is appropriate.

B. **ALL CLAIMS SHOULD BE DISMISSED BECAUSE THEY ARE SUBJECT TO MANDATORY ARBITRATION**

   1. **PLAINTIFF AGREED TO ARBITRATE ALL EMPLOYMENT-RELATED DISPUTES**

Plaintiff signed a comprehensive arbitration agreement as part of her Transition Employee Application, agreeing to arbitrate "any dispute or claim I have relating to aspect of my employment with Saintnals." The agreement specifically identifies

arbitrable matters to include claims under "the Civil Rights Act of 1964, 42 U.S.C. §2000e" (Title VII) and "the Age Discrimination in Employment Act, 29 U.S.C. §621" (ADEA). The agreement explicitly survives termination of employment.

The arbitration requirement applies to all disputes related to Plaintiff's employment. Further, it extends to third-party beneficiaries, including Saintnals' contractors (such as Humani HR) and employees of Saintnals (Terence Keogh, Jeffrey Gopaul, Stephen Myshak, and Oliver Garcia) and employees of Humani HR (Chantel Perry and Angie Calderone). Exhibit C, Declaration of Oliver Garcia. Because there are no claims that are outside of the scope of the arbitration agreement, the proper course of action is to dismiss this matter, in its entirety, without prejudice.

## 2. THE FEDERAL ARBITRATION ACT COMPELS DISMISSAL

The Federal Arbitration Act (FAA) reflects "a liberal federal policy favoring arbitration agreements." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Under the FAA, courts must enforce arbitration agreements according to their terms. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011).

When a valid arbitration agreement covers the disputed claims, if "all the claims involved in an action are arbitrable, a court may dismiss the action instead of staying it." *Seus v. John Nuveen & Co.*, 146 F.3d 175, 179 (3d Cir. 1998).[2] All of Plaintiff's

---

[2] If a party not in default in proceeding with arbitration requests a stay, a court must grant the stay rather than dismiss. *Smith v. Spizzirri*, 601 U.S. 472, 476 (2024). However, if there are other grounds to dismiss, a court may still dismiss the case on those other grounds. *Id.*, n.2. Here, of course, Saintnals has moved to dismiss on the independent grounds that the complaint is untimely.

claims fall squarely within the scope of the arbitration agreement she voluntarily signed. Accordingly, the Court should dismiss the case in its entirety.

### 3. PLAINTIFF CANNOT AVOID HER CONTRACTUAL OBLIGATIONS

Courts consistently enforce employment arbitration agreements covering statutory discrimination claims. *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001); *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991). Plaintiff cannot unilaterally escape her binding commitment to arbitrate employment disputes simply by filing a lawsuit instead. The arbitration agreement is broad, unambiguous, and directly encompasses all claims asserted in Plaintiff's complaint. Accordingly, this action should be dismissed to allow the parties to proceed to arbitration as contractually required.

### CONCLUSION

For the foregoing reasons, Defendant Saintnals respectfully requests that this Court grant its Motion to Dismiss in its entirety. Plaintiff's claims must be dismissed due to her untimely filing, or alternatively because all claims are subject to mandatory arbitration under a valid and enforceable agreement. Both grounds provide independent and complete bases for dismissal.

Respectfully submitted,

**ANDREW C. SIMPSON, P.C.,**
Counsel for Saintnals, LLC

Dated: September 2, 2025

/s/ Andrew C. Simpson
VI Bar No. 451

ANDREW C. SIMPSON, P.C.<br>
2191 Church Street, Suite 5<br>
Christiansted, VI 00820<br>
Tel: 340.719.3900<br>
asimpson@coralbrief.com

## CERTIFICATE OF SERVICE

I certify that on September 3, 2025, the foregoing document was served upon Plaintiff by U.S. Mail, postage prepaid and email to the following address:

Frandelle E.S. Appeleton
5064 Cotton Valley, Lot 296
Christiansted, VI 00820
Fpierr6@yahoo.com

/s/  Andrew C. Simpson