## TRANSITION EMPLOYEE APPLICATION

I, ___FRANDELLE APPLETON___, am currently an employee of Island Project and Operating Services ("IPOS") and am applying to transition to employment with Saintnals, LLC effective on July 1, 2022 when it commences services in support of the operation of the LPG storage facilities at the Virgin Islands Water and Power Authority plants in St. Thomas and in St. Croix.

I understand that in consideration for signing this Transition Employee Application and the Limited Employment Record Authorization, Saintnals will transfer me to its payroll on July 1, 2022 in the position of Terminal Operator at the same pay and benefits as I had with IPOS. I further understand that Saintnals is offering to accept me as an employee without regard to my performance history when I was employed by IPOS. I am hereby requesting that my employment be transitioned to Saintnals on July 1, 2022.

### ARBITRATION

In further consideration of the above, I agree that should any dispute or controversy arise regarding this Transition Employee Application or my employment with, or succession of employment with, Saintnals, it shall be resolved by, and only by, arbitration as set forth below. I further agree that arbitration shall be used to resolve any dispute or claim I have relating to aspect of my employment with Saintnals, including disputes or claims with third parties, who are deemed to be, and intended to be, third-party beneficiaries of this agreement. Such third-party beneficiaries include, without limitation, any tenant, contractor, vendor, guest, or client of Saintnals, VITOL and/or the Virgin Islands Water and Power Authority and its or their members, shareholders or subsidiary or parent or affiliated companies, and its or their officers, directors, members, employees, and agents; and subsidiary and affiliated companies of Employer and all third-party beneficiaries.

Notwithstanding the foregoing, this Agreement shall not require me to arbitrate any disputes that arise under any applicable collective bargaining agreement or that are otherwise arbitrable under any collective bargaining agreement, or any claims arising under the National Labor Relations Act of 1935, as amended. Nor shall this Agreement prohibit me from filing charges, giving testimony, or otherwise participating in any investigations or other administrative proceedings before any federal or local governmental entity. Nor shall this Agreement prohibit me from arbitrating that portion of a claim (and only that portion of a claim) to which Chapter 4 of Title 9, U.S. Code applies.

This agreement shall remain in full force and effect even if I cease to be Saintnal's employee for any reason.

Arbitrable matters include, but are not limited to, claims under the following:

- the Civil Rights Act of 1866, 42 U.S.C. §1981;
- the Civil Rights Act of 1871, 42 U.S.C. §1983;
- the Civil Rights Act of 1964, 42 U.S.C. §2000e;
- the Civil Rights Act of 1991, P.L. 102-166;
- the Age Discrimination in Employment Act, 29 U.S.C. §621;
- the Equal Pay Act, 29 U.S.C. §206;
- the Americans with Disabilities Act, 42 U.S.C. §12101;
- the Family and Medical Leave Act, 29 U.S.C. §2601;
- the Fair Labor Standards Act, 29 U.S.C. §201;
- the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001;
- Worker Adjustment and Retraining Act (WARN) 29 U.S.C 2101-2109;
- any provisions of Titles 10 and 24 of the Virgin Islands Code, including without limitation claims for wrongful or retaliatory discharge or wrongful or discriminatory treatment under Virgin Islands law, including without limitation the Wrongful Discharge Act, 24 V.I. Code §76; and the Plant Closing Act, 24 V.I. Code 471 et seq;
- any other law of the United States or the Virgin Islands prohibiting employment discrimination or retaliation or otherwise making any employment action unlawful;
- tort law, including without limitation claims for bodily injury of any nature, defamation, and infliction of emotional distress; or property damage;
- this Agreement or any other contract; and
- any law or regulation affecting Saintnal's right to discipline, promote, demote, or terminate me.

I agree to arbitrate the issue of arbitrability of any claim. The arbitrator shall decide all issues of arbitrability including, but not limited to, any defenses to arbitration based on waiver by litigation conduct, or any other type of waiver, delay, or like defense, delay, or like defense. The arbitrator shall also decide whether any and all conditions precedent to arbitrability have been fulfilled. Saintnals and I agree that all matters of substantive and procedural arbitrability shall be decided exclusively by arbitration.

Transition Employee Application                Initial           here:           FA

Exhibit A

If any claim is deemed by the arbitrator (or by a court of competent jurisdiction applying 9 U.S.C. § 402(b)) to be non-arbitrable, Saintnals and I expressly waive trial by jury with respect to such claim. Saintnals and I understand and agree that in such event, any decision regarding such claim will be made by the court as finder of fact, and not by a jury and Saintnals and I both mutually waive the right to trial by jury of such a claim. Saintnals and I further agree that such claim shall be severed from any and all arbitrable claims so that only a claim that is not subject to arbitration may be tried by the court. Saintnals and I further agree that in cases where a claim is being tried to a court while a related claim is being tried to an arbitrator, the principles of issue and claim preclusion shall apply such that an issue or fact affirmatively decided in one proceeding shall be binding in the other proceeding. Saintnals and I also agree to waive any claim for punitive damages in any claim that is not subject to arbitration.

If either Saintnals or I have a dispute with the other, either party must submit any disputed matter covered by this Agreement for decision by a single arbitrator in the Virgin Islands. Saintnals and I shall agree upon a mutually acceptable arbitrator; however, if they cannot agree to an arbitrator (or if a party refuses to respond to a request to designate a mutually acceptable arbitrator), either party may apply to the appropriate court in the U.S. Virgin Islands for appointment of an arbitrator as provided for in the Federal Arbitration Act. The arbitration shall be governed by the most current version of the Uniform Arbitration Act published by the Uniform Law Commission (currently available on the Commission's website (www.uniformlaws.org) as if that version had been adopted as law by the U.S. Virgin Islands (with appropriate jurisdiction-specific adaptions [such as substituting "Virgin Islands" for "state"; etc.]). This specifically includes granting the arbitrator the power to set the rules for the procedure and conduct of the arbitration in a manner that is appropriate for the scope of the dispute.

A party may initiate arbitration by requesting, in writing that the party against whom it has a claim proceed to arbitration.

For any claim, the party must initiate arbitration by delivering the written request to each party against whom it has a claim within 180 days of the event forming the basis for a claim. For the purposes of calculating the 180 days, the following definitions of "date of the event" apply:

    a.    For any claim alleging wrongful termination, including claims of constructive termination, the date of the event is the last day Employee actually performed work for the Company on its payroll.

        Payments for unused vacation or similar such payments do not alter this time period.

b.    For any other claim based upon a claim related to employment, including, but not limited to, a claim alleging discrimination in employment; a claim alleging a violation of the Americans with Disabilities Act; a claim alleging breach of contract; or a claim relating to the amount of compensation paid, the "date of the event" is the earlier of the date of the incident giving rise to the claim or the last day Employee actually performed work for Employer on its payroll. Payments for unused vacation or similar such payments do not alter this time period.

c.    For any claim alleging a personal or emotional injury, the "date of the event" is the date the person claimed to have caused the personal or emotional injury took the action that Employee claims caused the personal or emotional injury.

d.    For any other type of claim, the "date of the event" is the date of the incident giving rise to the claim.

If any of the above limitations are found to be invalid on public policy grounds or based upon a non-waivable limitation period established by statute, the parties agree that the shortest possible limitation period allowable shall replace the applicable limitation period set forth above.

In agreeing to arbitration, the parties agree that there will be no jury trial and that the arbitrator may not award punitive damages. Any decision in such arbitration proceeding will be final and binding upon the parties, unless the decision is based upon fraud or prejudice. Judgment upon the award rendered by the arbitrator may be entered in any court having appropriate jurisdiction.

Except in cases of economic hardship, proven to the satisfaction of the arbitrator, each party to an arbitration shall initially share equally the arbitrator's fees and expenses. At the conclusion of the arbitration, the arbitrator may award a prevailing party costs and attorney's fees, including directing the non-prevailing party to reimburse the prevailing party for the arbitrator's fees and expenses. The arbitration hearing shall take place in St. Croix, U.S. Virgin Islands. If a person or entity refuses to arbitrate a timely-filed claim that is subject to arbitration under this agreement, then, and only then, the party with the claim may initiate a lawsuit in an appropriate court of law as long as it files suit within the statute of limitations

set by the appropriate jurisdiction. However, such a lawsuit will still be subject to the waiver of jury trial and punitive damages included in this agreement.

The arbitrator may uphold the actions of any party to the proceeding and may grant relief to any party to the proceeding. The decision of the arbitrator shall be final and binding except for any reason specified in the Federal Arbitration Act, 9 U.S.C. § 1 et seq. Judgment upon the award rendered may be entered in any court having jurisdiction to do so in accordance with the provisions of the Federal Arbitration Act, 9 U.S.C. § 9.

By offering this Transition Employee Application to you, Saintnals agrees to be bound by the arbitration provisions and procedures set forth above.

I have read this Transition Employee Application in its entirety and by signing below, affirm my intention to be bound by it.

Date: June ___22___, 2022

_Frandelle Appleton_
(Signature)

FRANDELLE APPLETON
(Print your name)

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
Social Security Number